UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ELLIOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>NEYBARTH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv–00294-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM  (ECF No. 1)<br><br>ORDER GRANTING PLAINTIFF'S MOTION AND DIRECTING CLERK OF THE COURT TO CORRECT NAME OF DEFENDANT NEYBARTH  (ECF No. 5)<br><br>THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff William Elliott is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed February 18, 2011, and a motion to correct the name of Defendant Neybarth, filed March 11, 2011. (ECF Nos. 1, 5.) Plaintiff's motion to correct the name of Defendant Neybarth to Nuebarth shall be granted.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II.     Discussion

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff brings this complaint alleging deliberate indifference and violations of the Americans With Disabilities Act ("ADA") when he was placed in the Mental Health Unit on suicide watch from October 3 though 12, 2010.

Plaintiff states that Defendants Nuebarth and Woo were responsible for ensuring that his disability limitation accommodations were met and disability limitations chronos were not disregarded. Defendants Nuebarth and Woo were in a position with decision making authority and could have written an order for Plaintiff to be housed in a facility that would meet his disability needs. Defendants Nuebarth and Woo were aware that Plaintiff was a disabled inmate covered under the ADA and refused to ensure that Plaintiff was given accommodations consistent with his disabilities.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Plaintiff's complaint fails to allege facts to show that any defendant personally participated in the deprivation of his rights, Jones, 297 F.3d at 934, and therefore, the complaint fails to state a cognizable claim. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### A. Defendant Liability

Although Plaintiff names the Director of the CDCR, Warden of CSATF, Chief Medical Officer at CSATF, and Doe officers as defendants, his complaint is devoid of any allegations against any of these individuals. In order to state a claim, Plaintiff must set forth factual allegations to show that each named defendant personally participated by either an act or failure to act that deprived Plaintiff of a federal right.

#### 1. Supervisory Liability

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. While Plaintiff makes conclusory allegations that Defendants Nuebarth and Woo were aware that he was entitled to accommodations for his disability, this is insufficient to show that either defendant personally participated in a deprivation. Iqbal, 129 S. Ct. at 1949.

#### 2. Eleventh Amendment Immunity

The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996). The CDCR is a state agency

entitled to Eleventh Amendment Immunity. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). CSATF is part of the CDCR and, as such, is also entitled to Eleventh Amendment immunity from suit.

### 3. Official Capacity

A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

To prove liability for an action policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713. Liability for failure to act requires that Plaintiff show that the "employee violated the plaintiff's constitutional rights;" the agency "has customs or policies that amount to deliberate indifference;" and "these customs or policies were the moving force behind the employee's violation of constitutional rights." Long, 442 F.3d at 1186.

### B. Deliberate Indifference

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the

deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff alleges that he was denied access to his cane and wheelchair and forced to sleep on a mattress on the ground, after being placed in the Mental Health Unit on suicide watch. Plaintiff has failed to identify any individual who was aware that he was at a substantial risk of serious harm and failed to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). While Plaintiff states that after two days, Defendant Woo authorized Plaintiff to have access to his wheelchair, this indicates that Defendant Woo responded to Plaintiff's need and was not deliberately indifferent. While Plaintiff alleges that the order was rescinded because of Plaintiff's "DPO status", the complaint is devoid of any factual allegations regarding who rescinded the order.

Plaintiff makes references to the response to his inmate appeals, however the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); see Owens v. Hinsley, 635 F.3d 950, 953 (7 th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create liberty interests protected by the Due Process Clause, and so the alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Plaintiff cannot state a claim for deliberate indifference against individuals who reviewed his appeals after the alleged violation occurred.

///

### C.     Americans With Disabilities Act

Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion or discrimination, or denial of benefits was because of his disability." Simmons, 609 F.3d at 1021 (citations omitted); Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Id.; Simmons, 609 F.3d at 1022.

Title II of the ADA prohibits discrimination in programs "of a public entity" or "discrimination by any such entity." 42 U.S.C. § 12132. A public entity is defined, in relevant part as "any State or local government; [and] any department agency. . . of a State or States or local government. . . ." 42 U.S.C. §12131(1)(a)(b). A public entity, as defined in the statute, does not include individuals. Shebby v. Adams, No. 1:03-cv-06487-LJO-NEW (DLB), 2007 WL 2505569, * 2 (E.D.Cal. Aug. 31, 2007) (citations omitted). Plaintiff may not bring a claim under Title II of the ADA against a defendant in his individual capacity.

### III.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed February 18, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff's motion to correct the name of Defendant Neybarth, filed March 11, 2011, is granted;
5. The Clerk's Office is directed to correct the name of Defendant Neybarth to Nuebarth; and
6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 7, 2012**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE