# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ELLIOTT, | CASE NO. 1:11-cv–00294-BAM PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (ECF No. 17) |
| NEYBARTH, et al., | |
| Defendants. | |

## I. Screening Requirement

Plaintiff William Elliott is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 7, 2012, Plaintiff's complaint was dismissed, with leave to amend for failure to state a claim. (ECF No. 9.) Currently before the Court is the first amended complaint, filed June 5, 2012. (ECF No. 17.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**II.     First Amended Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitations and is incarcerated at the Substance Abuse Treatment Facility. On October 3, 2010, Plaintiff was placed in a mental health crisis bed at the Correctional Treatment Center ("CTC") on suicide watch. After two days, Defendant Wou removed Plaintiff from suicide watch and issued an order that Plaintiff have a wheelchair in his cell. (First Amended Compl. 3,[1] ECF No. 4.) Defendant Neubarth rescinded the order and Plaintiff remained in the cell, without a wheelchair, from October 5 through 12, 2010, while Defendant Wou was attempting to obtain a Keyhea order to involuntary medicate Plaintiff. (Id. at 3-4.) The Keyhea order was denied. (Id. at 4.)

Plaintiff informed Defendants Neubarth and Wou that he was in severe and chronic pain and

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

repeatedly was injuring himself when he had to use the toilet without assistance. Plaintiff also informed Defendants Neubarth and Wou that on two occasions he had been unable to make it to the toilet in his cell. On these occasions, he was forced to defecate in his boxers and lay in his feces for several hours before he could crawl to the toilet to clean himself, and staff refused to help him clean himself. (Id.)

In response to Plaintiff's inmate appeals, prison staff claimed that Plaintiff had access to a cane and a wheelchair while out of his cell, but he was refused either. Defendant Neubarth rescinded Plaintiff's wheelchair and Defendant Wou refused to provide a wheelchair as punishment for Plaintiff having been placed on suicide watch. (Id.) Plaintiff states that he is an individual with a disability. Plaintiff argues that once he was cleared from suicide watch there was no legitimate reason to deny Plaintiff his wheelchair and he should have been transferred back to Facility E housing or provided with a wheelchair, and the denial of his wheelchair was discrimination by reason of his disability and an excuse to seek a Keyhea order. (Id. at 5.)

**III.   Discussion**

    **B.   Eighth Amendment**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730, 737, 122 S. Ct. 2508 (2002) (citing Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078 (1986)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. Hope, 536 U.S. at 737 (citing Rhodes v. Chapman, 452 U.S. 337, 346, 101 S. Ct. 2392 (1981)) (quotation marks omitted). Punitive treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment. Hope, 536 U.S. at 738 (quotation marks omitted).

Further, although the pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, __

F.3d __, __, No. 11-16335, 2012 WL 1889786, at *5 (9th Cir. May 25, 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

Plaintiff alleges that Defendant Wou ordered that a wheelchair be provided to him in his cell, but the order was rescinded by Defendant Neubarth. While Plaintiff fails to specify why he has a need for a wheelchair, the fact that Plaintiff had been authorized a wheelchair leads to the inference that a serious need existed. Plaintiff claims that the failure to return his wheelchair caused him to suffer pain, falls while trying to reach the toilet, and to defecate on himself and be forced to remain laying in his feces for several hours. Plaintiff alleges that he informed both Defendant Neubarth and Wou of the conditions that he was being subjected to, and they refused to return his wheelchair. That is enough to support an Eighth Amendment claim against Defendants Neubarth and Wou at the pleading stage.

### C. Americans With Disabilities Act

However, Plaintiff's allegations fail to state a cognizable claim for violation of the Americans With Disabilities Act. Title II of the ADA prohibits discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

Title II of the ADA prohibits discrimination in programs "of a public entity" or "discrimination by any such entity." 42 U.S.C. § 12132. A public entity is defined, in relevant part as "any State or local government; [and] any department agency. . . of a State or States or local government. . . ." 42 U.S.C. §12131(1)(a)(b). A public entity as defined in the statute does not include individuals. Shebby v. Adams, No. 1:03-cv-06487-LJO-NEW (DLB), 2007 WL 2505569, * 2 (E.D.Cal. Aug. 31, 2007) (citations omitted). As Plaintiff was previously informed, individual liability is precluded under the ADA. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL

2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *5 (E.D.Cal. Dec. 1, 2005).

Plaintiff fails to allege facts to show that an entity discriminated against him based upon his disability. Nor are Plaintiff's allegations sufficient to state an official capacity claim against the named defendants. Accordingly, Plaintiff fails to state a cognizable claim for a violation of the ADA.

## IV. Conclusion and Order

Plaintiff's first amended complaint states a cognizable claim against Defendants Neubarth and Wou for deliberate indifference to conditions of confinement in violation of the Eighth Amendment, however, Plaintiff allegations fail to state any additional claims under section 1983. Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend, but was unable to cure the deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's first amended complaint, filed June 5, 2012, against Defendants Neubarth and Wou for deliberate indifference to conditions of confinement in violation of the Eighth Amendment; and

2. Plaintiff's Americans with Disabilities Act claims are dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 13, 2012**         /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE