|   |   |
|---|---|
| WILLIAM ELLIOT,  | ) Case No.: 1:11-cv-00294-BAM PC |
|   Plaintiff, | ) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE ON DEFENDANTS (ECF No. 23) |
| v. |   |
| NUEBARTH, et al., |   |
|   Defendants. | ) THIRTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

### I.  Introduction

Plaintiff William Elliot ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 18, 2011. (ECF No. 1.) This action now proceeds on Plaintiff's first amended complaint against Defendants Neubarth and Wou for deliberate indifference to conditions of confinement in violation of the Eighth Amendment. (ECF Nos. 18, 19.)

### II.  Service by the United States Marshal

On July 26, 2012, following screening of the first amended complaint, the court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Neubarth and Wou. (ECF No. 21.) On May 16, 2013, the Marshal filed a return of service unexecuted as to Defendants. Defendants were identified by Plaintiff on the USM-285 forms as "Dr. Nuebarth, M.D." and "Dr. Woo, M.D." (ECF No. 23.)

1

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

In this case, Plaintiff has not provided sufficient information to identify Defendants Neubarth and Wou and to locate these defendants for service of process. (ECF No. 119.) If Plaintiff is unable to provide the Marshal with additional information, this action shall be dismissed without prejudice. Pursuant to Rule 4(m), the court will provide Plaintiff with the opportunity to show cause why the action should not be dismissed for failure to effectuate service.

### III.   CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed for failure to effectuate service on defendants;

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated: **May 20, 2013**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE