1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **EASTERN DISTRICT OF CALIFORNIA**
10

11   WILLIAM ELLIOT,                        )   Case No.: 1:11-cv-00294-BAM PC
                                            )
12                    Plaintiff,            )   ORDER DISMISSING ACTION WITHOUT
                                            )   PREJUDICE FOR FAILURE TO EFFECT
13          v.                              )   SERVICE OF PROCESS AND FAILURE TO
                                            )   OBEY A COURT ORDER  (ECF No. 24)
14   NUEBARTH, et al.,                      )
                                            )
15                    Defendants.           )
                                            )
16   _____       )

17   **I.      Introduction**

18          Plaintiff William Elliot ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in

19   this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on February

20   18, 2011.  (ECF No. 1.)  This action now proceeds on Plaintiff's first amended complaint against

21   Defendants Neubarth and Wou for deliberate indifference to conditions of confinement in violation of

22   the Eighth Amendment.  (ECF Nos. 18, 19.)

23   **II.     Service by the United States Marshal**

24          On July 26, 2012, following screening of the first amended complaint, the court issued an order

25   directing the United States Marshal to initiate service of process in this action upon Defendants

26   Neubarth and Wou.  (ECF No. 21.)  On May 16, 2013, the Marshal filed a return of service

27   unexecuted indicating that Defendants could not be located.  Defendants were identified by Plaintiff

28   on the USM-285 forms as "Dr. Nuebarth, M.D." and "Dr. Woo, M.D."  (ECF No. 23.)  On May 20,

2013, the Court issued an order to show cause why this action should not be dismissed based on Plaintiff's failure to provide sufficient information to effectuate service on defendants. The Court ordered Plaintiff to provide a response to the order to show cause within thirty (30) days after service of the order. (ECF No. 24.) More than thirty days have passed and Plaintiff has failed to respond to the Court's order.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

This action has been pending since February 18, 2011. On June 14, 2012, the Court ordered Plaintiff to provide information to effect service on defendants. Although Plaintiff returned the required service documents, he failed to provide sufficient information to identify Defendants Neubarth and Wou (or "Woo") and to locate these defendants for service of process. (ECF No. 19, 20, 23.) The Court permitted Plaintiff an additional opportunity to submit sufficient information to

identify and locate these defendants for service, but Plaintiff failed to respond to the Court's order. Plaintiff also failed to show cause why the action should not be dismissed for failure to effectuate service.

Plaintiff's failure to respond to the order to show cause also provides an alternate basis on which to dismiss this action.  Local Rule 110 provides that a "failure . . . of a party to comply . . . with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  This action has been pending since February 18, 2011, and Plaintiff has made no effort to respond to the Court's show cause order regarding service of the Defendants.  The Court cannot hold this case in abeyance indefinitely awaiting a response from Plaintiff.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

favor of dismissal discussed herein.  Finally, the court's warning to a party that failure to obey the

court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.

Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-133; Henderson, 779 F.2d at 1424.  The Court's

show cause order expressly stated, "The failure to respond to this order or the failure to show cause

will result in the dismissal of this action."  (ECF No. 24, p. 3.)  Thus, Plaintiff had adequate warning

that dismissal could result from his failure to respond to the Court's order.

### III.   CONCLUSION

Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE based on

Plaintiff's failure to effect service of the summons and complaint pursuant to Federal Rule of Civil

Procedure 4(m) and based on his failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   **August 21, 2013**                     /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE